# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JOHN CUTLIFFE, | Case No. 3:17-cv-00222 |
| Plaintiff/Counterclaim Defendant, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| WRIGHT STATE UNIVERSITY, | |
| Defendant/Counterclaim Plaintiff. | |

# REPORT AND RECOMMENDATION[1]

Plaintiff John Cutliffe's Complaint asserts claims of sex discrimination, national-origin discrimination, and retaliation under Title VII of the Civil Rights Act of 1963, as amended, 42 U.S.C. § 2000e-2, *et seq*. He also asserts a claim of constructive discharge. Defendant Wright State University is his former employer.

Cutliffe presently seeks to amend his Complaint by adding a claim that Defendant interfered with his rights under the Family and Medical Leave Act (FMLA) of 1993, as amended, 29 U.S.C. § 2601, *et seq*. Defendant contends that Cutliffe should not be granted leave to amend his Complaint because his proposed FMLA claim is futile. Defendant reasons that it is a state instrumentality entitled to Eleventh-Amendment-sovereign immunity on Cutliffe's claim for monetary damages under the FMLA's self-care provision.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Three foundational observations begin the analysis.  First, although leave to amend a pleading is freely granted as justice requires, *see* Fed. R. Civ. P. 15(a)(2), a proposed amended complaint may be rejected as futile when its added claim would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Kreipke v. Wayne State University*, 807 F.3d 768, 782 (2015); *see Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 458 (6th Cir. 2013).  Second, Cultliffe's proposed FMLA-interference claim involves his request for leave under the FMLA's self-care provision (as opposed to its family-care provisions).  *See generally Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 33, 132 S.Ct. 1327, 1332 (2012) (plurality opinion[2]) ("The provision at issue requires employers, including state employers, to grant unpaid leave for self care for a serious medical condition, provided other statutory requisites are met….") (citing 29 U.S.C. § 2612(a)(1)(d)).  Third, Defendant is an arm or alter ego of the State of Ohio.  *Dvorak v. Wright State Univ.*, No. 3:96cv109, 1997 WL 1764779, *8 (S.D. Ohio 1997) (Rice, D.J.).

Because Defendant is an arm or alter ego of the State of Ohio, the Eleventh Amendment extends sovereign immunity to shield it from Cutliffe's claim for monetary damages under the FMLA's self-care provisions.  *See Coleman*, 566 U.S. at 43-44; *see also Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014); *Diaz v. Michigan Dept. of Corrections*, 703 F.3d 956, 961-62 (6th Cir. 2013).  But, sovereign immunity does not apply to FMLA claims seeking prospective equitable relief, such as reinstatement or

---

[2] Four Justices concurred in the opinion; one Justice concurred in the Judgment.  Justices Thomas, Scalia, Ginsburg, Breyer, Sotomayor, and Kagan viewed *Coleman* as a plurality opinion. 566 U.S. at 44, 46-47.

promotion, against a state official or entity "as long as the employee sufficiently alleges 'an ongoing violation of federal law to maintain his equitable claim.'" *Crugher*, 761 F.3d at 614 (quoting, in part, *Diaz*, 703 F.3d at 966). Defendant does not acknowledge this limited exception to the application of sovereign immunity in FMLA cases, and Cutliffe chose not to file a Reply, leaving the Court without the benefits that normally flow from adversarial arguments. Forging on despite this reveals that Cutliffe's proposed amended complaint, in its prayer for relief, seeks reinstatement. (Doc. #8, *PageID* #363). But, this does not end the matter because his proposed amended complaint alleges FMLA violations that occurred before he was no longer employed by Defendant. As a result, the proposed amended complaint fails to allege ongoing FMLA violations, as might occur, for example, when a current-employee plaintiff seeks a promotion as a remedy for a violation of FMLA's interference or retaliation provisions.[3]

Accordingly, Cutliffe's proposed FMLA claim is barred by the Eleventh Amendment and is otherwise futile. Defendant's Motion to Amend is therefore well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion to Amend Complaint (Doc. #8) be DENIED.

January 9, 2018

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

---

[3] Cutliffe may still seek reinstatement as a remedy for violations of Title VII. *See* 42 U.S.C. § 2000e-5(g)(1).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).